935 A.2d 761

IN THE MATTER OF RICHARD L. ROSENTHAL, AN ATTORNEY AT LAW (ATTORNEY NO. 211071965).

November 1, 2007.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 07–098, concluding that **RICHARD L. ROSENTHAL,** formerly of **TOTOWA,** who was admitted to the bar of this State in 1965, and who has been suspended from the practice of law since November 15, 2003, pursuant to Orders of the Court filed on October 16, 2003, and October 1, 2004, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(failure to keep client informed about the status of the matter), *RPC* 1.16(a)(2) (failure to withdraw from representation when lawyer's physical or psychological condition materially impairs ability to represent client), and *RPC*

1.16(d)(failure to take reasonable steps to protect client's interests after termination of representation);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice and that on reinstatement, he should practice law under supervision;

And the Court having determined that the failure of the formal complaint to satisfy the requirement of *Rule* 1:20–4(b) in respect of the violation of *RPC* 1.16(a)(2) found by the Disciplinary Review Board requires that the Board's determination in that regard be vacated;

And good cause appearing;

It is ORDERED that the determination of the Disciplinary Review Board that respondent violated *RPC* 1.16(a)(2) is vacated; and it is further

It is ORDERED that **RICHARD L. ROSENTHAL** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and on reinstatement, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent shall continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files

proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.